JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
STEPHANIE ZINNA, ESQ.
Nevada Bar No. 011488
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
jolson@ocgas.com
szinna@ocgas.com
702-384-4012
702-383-0701 fax
*Attorneys for Defendants*
*IKEA Property, Inc. dba IKEA*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALETHEA NAUMANN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IKEA PROPERTY, INC., a foreign Delaware corporation, d/b/a IKEA; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,<br><br>Defendants. | CASE NO.<br><br>ON REMOVAL FROM<br>NO. A-21-846005-C<br>CLARK COUNTY, NEVADA |

**DEFENDANT IKEA PROPERTY INC. dba IKEA'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant **IKEA PROPERTY INC. dba IKEA** hereby files this Notice of Removal from the Eighth Judicial District Court of Clark County, Nevada ("State Court") to the United States District Court for the District of Nevada. By removing this action to this Court, Defendant does not waive any defenses, objections, or

motions available under state or federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims.

In support of the Notice of Removal states as follows:

## I. PLEADINGS AND SERVICE

1. On December 28, 2021, Plaintiff Alethea Naumann filed a lawsuit in the Eighth Judicial District Court of Clark County, Nevada, styled: *Naumann v. IKEA Property, Inc. dba IKEA; Does I-X, Roes I-V, inclusive.*

2. Defendant was served with a summons and complaint in the State Court Action on January 14, 2022.

3. Plaintiff's Complaint alleges a slip and fall accident at IKEA that resulted in alleged injury to her neck, buttock, chest, bilateral hip, and sacrum, as well as lumbar radiculopathy, headaches, dizziness, nausea, bruising, cervical radiculopathy, muscle spasm, sharp pains, and limited range of motion.[1]

4. Plaintiff's Complaint alleges she underwent an MRI of the cervical spine, revealing: C3-C4 2 mm broad disc herniation, spinal stenosis, and foraminal narrowing; C4-C5 2 mm broad disc herniation and bilateral neural foraminal narrowing; C5-C6 2 mm broad posterior disc herniation, left neural foraminal narrowing.[2]

5. Plaintiff's Complaint further alleges she underwent an MRI of the lumbar spine, revealing: L5-S1 2 mm central protrusion, diffuse disc desiccation, facet hypertrophy, superimposed disc bulge, and bilateral neural foraminal narrowing.

6. These allegations pertain to potential damages sufficient to meet the jurisdictional threshold for removal.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served

---

[1] Plaintiff's Complaint at ¶13.
[2] *Id.* at ¶14.

upon Defendant, including a copy of the current docket, are attached as **Exhibit A**.

8. Concurrent with the filing of this Notice of Removal, Defendant will provide notice of the removal of this action to Plaintiff and to the State Court by filing a "Removal Notice," together with a copy of this "Notice of Removal," in the State Court and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

## II. REMOVAL IS PROPER IN THIS CASE

### A. Removal is Timely

9. Removal is timely under 28 U.S.C. § 1446(b)(1) because it is made within 30 days of January 14, 2022, the date of service of Plaintiff's Complaint. **Exhibit B**.

### B. The United States District Court for the District of Nevada Has Jurisdiction and Is the Proper Venue.

10. **Diversity.** The United States District Court for the District of Nevada has federal jurisdiction of this civil action under 28 U.S.C. § 1332(a) because no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the State of Nevada, and Defendant is a corporation formed under the laws of the State of Delaware. No defendant in this matter is a local defendant.

11. **Amount in Controversy.** The amount in controversy requirement is met. Plaintiff alleges neck, hip, back and brain injury in her Complaint. She has further alleged imaging studies show multiple disc herniations and protrusions she alleges are causally related to this incident. In Nevada, the cost for treatment of such injuries regularly exceeds the $75,000 threshold.

12. **Venue.** The United States District Court for the District of Nevada includes Clark County, the county in which the action is currently pending. Thus, this Court is the proper venue for removal pursuant to 28 U.S.C. § 1441(a).

13. The civil action was brought in a state court of which this Court has original jurisdiction, and therefore may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a).

WHEREFORE, Defendant **IKEA PROPERTY INC. dba IKEA** respectfully requests the removal of the above-captioned action to this Court.

DATED this 4th day of February, 2022.

OLSON CANNON GORMLEY & STOBERSKI

/s/ *Stephanie Zinna*

JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
STEPHANIE ZINNA, ESQ.
Nevada Bar No. 011488
9950 West Cheyenne Avenue
Las Vegas, NV 89129
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2022, I served the above **DEFENDANT'S NOTICE OF REMOVAL** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage prepaid), upon the following:

Timothy R. O'Reilly, Esq.
Tracie Jefcik, Esq.
O'REILLY LAW GROUP
325 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 382-2500
F: (702) 384-6266
efile@oreillylawgroup.com

Samuel Mirejovsky, Esq.
Ashley M. Watkins, Esq.
SAM & ASH, LLP
11-8 S. Casino Center
Las Vegas, Nevada 89104

Attorneys for Plaintiff

/s/ *Christi Colucci*
_____
An Employee of OLSON CANNON GORMLEY & STOBERSKI

# EXHIBIT A

# EXHIBIT A

# REGISTER OF ACTIONS
## CASE NO. A-21-846005-C

| | | |
|---|---|---|
| Alethea Naumann, Plaintiff(s) vs. Ikea Property Inc, Defendant(s) | Case Type: | Negligence - Premises Liability |
| | Date Filed: | 12/28/2021 |
| | Location: | Department 18 |
| | Cross-Reference Case Number: | A846005 |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Ikea Property Inc *Doing Business As* IKEA | |
| Plaintiff | Naumann, Alethea | Timothy R. O'Reilly *Retained* 702-382-2500(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 12/28/2021 | Initial Appearance Fee Disclosure    Doc ID# 1 | |
| | *[1] Initial Appearance Fee Discisoure (NRS Chapter 19)* | |
| 12/28/2021 | Complaint    Doc ID# 2 | |
| | *[2] Complaint and Demand for Jury Trial* | |
| 01/05/2022 | Summons Electronically Issued - Service Pending    Doc ID# 3 | |
| | *[3] Summons - Civil* | |
| 01/19/2022 | Affidavit of Service    Doc ID# 4 | |
| | *[4] Affidavit of Service* | |

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Naumann, Alethea | | |
| | Total Financial Assessment | | 270.00 |
| | Total Payments and Credits | | 270.00 |
| | **Balance Due as of 02/04/2022** | | **0.00** |
| 12/28/2021 | Transaction Assessment | | 270.00 |
| 12/28/2021 | Efile Payment | Receipt # 2021-78545-CCCLK    NAUMANN, ALETHEA | (270.00) |

Electronically Filed
12/28/2021 5:33 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
TRACIE JEFCIK, ESQ.
Nevada Bar No. 15575
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0000
Facsimile: (702) 385-2604
gillock@gmk-law.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
*Attorneys for Plaintiff*

CASE NO: A-21-846005-C
Department 18

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ALETHEA NAUMANN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>IKEA PROPERTY, INC., a foreign Delaware corporation, d/b/a IKEA; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,<br><br>    Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**ARBITRATION EXEMPTION CLAIMED:**<br><br>    **Matter in Controversy Exceeds $50,000 in damages** |

  **COMES NOW**, Plaintiff, ALETHEA NAUMANN ("Ms. Naumann" or "Plaintiff"), by and through her counsel of record, O'REILLY LAW GROUP, LLC; GERALD I. GILLOCK &

Page 1 of 7

ASSOCIATES; and SAM & ASH, LLP, and hereby makes her complaint against the above named Defendants, DOE Individuals I through X, and ROE Corporations and Organizations I through V, inclusive (collectively referred to as "Defendants") as follows:

## I.

## PARTIES

1. At all times relevant to this case, Ms. Naumann was, and is, a resident of Las Vegas, Nevada.

2. At all times relevant to this case, IKEA PROPERTY, INC. (hereinafter referred to as "IKEA") was, and is, a foreign Delaware corporation licensed to do business in Clark County, Nevada, and is located at 6500 Ikea Way Las Vegas, Nevada 89148, and is therefore subject to the laws of the State of Nevada.

3. Plaintiff is without sufficient information to properly name the true names of defendants DOE Individuals I through X and ROE Corporations and Organizations I through V ("Fictitious Defendants"), and Plaintiff reserves the right to amend the complaint to more properly identify the Fictitious Defendants. Each Fictitious Defendant is in some way liable to Plaintiff or claims some right, title, or interest in IKEA that is subsequent to or subject to the interests of Plaintiff. Each Fictitious Defendant is in some way liable for damages to Plaintiff due to the ownership interest, agency relationship, or partnership interest with IKEA and/or its owners, managers, supervisors, employers, employees, contractors, or other principals or agents acting for or on behalf of IKEA. Each Fictitious Defendant is directly and/or vicariously liable to Plaintiff due to the actual, apparent, implied, or express authority granted to or by such Fictitious Defendant by or to any owner, manager, supervisor, employer, employee, contractor, or other principal or agent acting for or on behalf of IKEA and any of its subsidiaries or parent companies.

## II.

## JURISDICTION

4. The Court has jurisdiction in this case because damages exceed $15,000.00 and Defendants are conducting business within the State of Nevada.

5. Upon information and belief, the Court has jurisdiction over the Fictitious Defendants, as the Fictitious Defendants engaged in business or took actions within the State of Nevada regarding the alleged injuries sufficient to establish personal jurisdiction.

### III.
### VENUE

6. Venue is proper in this judicial district because the case arises from incidents occurring in this district.

### IV.
### FACTUAL BACKGROUND
#### (Allegations Common to All Causes of Action)

7. On November 15, 2020, Ms. Naumann was a customer at IKEA located at 6500 Ikea Way in Las Vegas, Nevada.

8. As Ms. Naumann was walking down the stairs of IKEA, suddenly and without warning, Ms. Naumann slipped and was caused to fall backwards, landing on the concrete step (the "Incident").

9. After the Incident, Ms. Naumann observed that there was no anti-slip adhesive treading on the metal lip on the stairs.

10. As a result of this Incident, Ms. Naumann suffered immediate neck, back, hip, buttock, and sacrum pain and suffered significant injuries, as well as severe bruising.

11. After the Incident, Ms. Naumann went home and proceeded to rest and apply ice packs to her injuries to assist with minimizing the pain.

12. Unfortunately, Ms. Naumann's pain grew worse, and she presented for professional medical treatment for her injuries.

13. As a result of this Incident, Ms. Naumann suffered significant injuries such as neck, buttock, chest, bilateral hip, and sacrum pain, as well as swelling, lumbar radiculopathy, frequent and severe headaches, dizziness and nausea, severe bruising, cervical radiculopathy, muscle spasms, sharp shooting pains and limited range of motion.

14. A Cervical Spine MRI of Ms. Naumann revealed: C3-C4: 2 mm broad disc herniation, spinal stenosis, and foraminal narrowing; C4-C5: 2mm broad disc herniation and bilateral neural foraminal narrowing; and C5-C6: 2mm broad posterior disc herniation, left neural foraminal narrowing.

15. A Lumbar Spine MRI of Ms. Naumann revealed: L5-S1: 2 mm central protrusion, diffuse disc desiccation, facet hypertrophy, superimposed disc bulge, and bilateral neural foraminal narrowing.

16. As a result of this Incident, Ms. Naumann also suffers from severe pain, anxiety, nervousness walking, and a loss in self-confidence.

## V.

## FIRST CAUSE OF ACTION

### NEGLIGENCE
### (As to IKEA)

17. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

18. At all times mentioned herein, Defendant knew, or in the exercise of reasonable care should have known, that failure to properly maintain the stairs of the IKEA premises was of such a nature that was likely to injure customers walking down the stairs.

19. Defendant owed Plaintiff the duty of reasonable care to properly maintain the stairs of the IKEA.

20. Defendant breached its duty by failing to properly maintain the stairs of the IKEA.

21. More specifically, Defendant breached its duty by failing to keep its stairs free from defects, which would constitute a slipping hazard to customers.

22. Additionally, Defendant owed a duty to all its patrons, including Plaintiff, to warn of hazardous conditions on its property.

23. Defendant breached this duty by failing to warn Plaintiff of the hazardous stairs.

24. Finally, Defendant had a duty to close the area of the hazardous stairs to prevent its customers from injury by the stairs.

Page 4 of 7

25. Defendant breached its duty by failing to close the area where Plaintiff was injured by the hazardous stairs.

26. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered past and future, general and special damages in excess of $15,000.

27. As a direct and proximate result of Defendant's negligence, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorney's fees and costs.

## VI.

## SECOND CAUSE OF ACTION

### VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### (As to IKEA)

28. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

29. Defendant's agents and/or employees were acting within the scope of their employment, under Defendant's control, and in furtherance of Defendant's interests at the time their actions, or inaction, caused injury to Plaintiff.

30. Defendant is vicariously liable for damages resulting from its agents' and/or employees' negligence committed during the scope of their employment.

31. As a direct and proximate result of Defendant's agents' and/or employees' negligence and carelessness, Plaintiff has suffered the injuries and damages alleged herein and as proven at trial.

32. As a direct and proximate result of Defendant's agents' and/or employees' negligence and carelessness, Plaintiff has suffered past and future, general and special damages in excess of $15,000.00.

33. As a direct and proximate result of the negligent actions or inactions of the employee or agent of Defendants, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorney's fees and costs.

## VII.

## THIRD CAUSE OF ACTION

### NEGLIGENT HIRING AND SUPERVISION
(As to IKEA)

34. Plaintiff repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

35. At all times mentioned herein, Defendant owed a duty to Plaintiff to employ competent employees and/or agents, adequately trained to maintain the stairs at IKEA, or at the very least, close the area to prevent customers from coming into contact with the hazardous stairs.

36. Defendant breached its duty to Plaintiff by failing to employ competent employees or agents, adequately trained to maintain the stairs at IKEA.

37. As a result of Defendant's breach, the stairs remained hazardous and were not closed off to customers, including Plaintiff.

38. As a result of this breach, Plaintiff has suffered the injuries alleged herein.

39. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered past and future general and special damages in excess of $15,000.

40. As a direct and proximate result of Defendant's negligence, Plaintiff has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorneys' fees and costs.

## VIII.

### REQUEST FOR RELIEF

Plaintiff respectfully requests this Honorable Court issue an order:

1. Awarding past and future general damages to Plaintiff for an amount to be determined at trial;

2. Awarding past and future special damages to Plaintiff for an amount to be determined at trial;

3. Granting an award of attorney's fees and costs against Defendant; and

4. Granting any other just or equitable relief this Court deems proper

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable and does not waive that right.

DATED: December 28, 2021          **O'REILLY LAW GROUP, LLC**

By: _/s/ Timothy R. O'Reilly_
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
Attorneys for Plaintiff

# EXHIBIT B

# EXHIBIT B

AFFIDAVIT OF SERVICE

Electronically Filed
1/19/2022 11:35 AM
Steven D. Grierson
CLERK OF THE COURT

| Case: | Court: | County: | Job: |
|---|---|---|---|
| A-21-846005-C | EIGHTH JUDICIAL DISTRICT COURT | CLARK COUNTY, NV | 656088 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| Alethea Naumann | IKEA PROPERTY, INC., a foreign Delaware corporation, d/b/a IKEA |

| Received by: | For: |
|---|---|
| Serve Vegas LLC | O'Reilly Law Group |

To be served upon:
IKEA PROPERTY, INC., a foreign Delaware corporation, d/b/a IKEA

I, Richard Reese, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein.

Recipient Name / Address:  CARLIE FECTEAU, Corporate: 701 S Carson St #200, Carson City, NV 89701
Manner of Service:  Registered Agent, Jan 14, 2022, 1:34 pm PST
Documents:  Summons and Complaint

Additional Comments:
1) Successful Attempt: Jan 14, 2022, 1:34 pm PST at Corporate: 701 S Carson St #200, Carson City, NV 89701 received by CARLIE FECTEAU. Age: 25; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'6"; Hair: Brown; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____  01/14/2022
Richard Reese                    Date
PILB#1505

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
702-209-2140

Case Number: A-21-846005-C